William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel:  (973) 596-4500
Fax:  (973) 596-0545

*Attorneys for Plaintiffs*
*Bausch Health Ireland Limited,*
*Bausch Health US, LLC, and*
*Bausch Health Americas, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BAUSCH HEALTH IRELAND LIMITED, BAUSCH HEALTH US, LLC, and BAUSCH HEALTH AMERICAS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TARO PHARMACEUTICALS INC., TARO PHARMACEUTICALS U.S.A., INC., and TARO PHARMACEUTICAL INDUSTRIES LTD., <br><br> Defendants. | Civil Action No. 23-2684 <br><br> *Document Electronically Filed* |

## COMPLAINT

This is a patent infringement action brought by Plaintiffs Bausch Health Ireland Limited

("Bausch Ireland"), Bausch Health US, LLC ("Bausch US"), and Bausch Health Americas, Inc.

("Bausch Americas") (collectively, "Bausch" or "Plaintiffs") for infringement of U.S. Patent No.

11,648,256 (the "'256 Patent" or "the Asserted Patent") by Defendants Taro Pharmaceuticals Inc.

("Taro Canada"), Taro Pharmaceuticals U.S.A., Inc. ("Taro U.S.A."), and Taro Pharmaceutical

Industries Ltd. ("Taro Ltd.") (collectively, "Taro" or "Defendants"), through the filing of

1

Abbreviated New Drug Application ("ANDA") No. 217190 for the approval of Defendants' generic version of Plaintiffs' Duobrii® product described therein. Plaintiffs hereby alleged as follows:

## THE PARTIES

1. Plaintiff Bausch Ireland is a corporation organized and existing under the laws of Ireland with its office located at 3013 Lake Drive, Citywest Business Campus, Dublin 24, Ireland.

2. Plaintiff Bausch US is a corporation organized and existing under the laws of Delaware. Its headquarters is located at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

3. Plaintiff Bausch Americas is a corporation organized and existing under the laws of Delaware. Its headquarters is located at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

4. Upon information and belief, Defendant Taro Canada is a corporation organized and existing under the laws of Canada, having a principal place of business at 130 East Drive, Brampton, Ontario L6T 1C1, Canada.

5. Upon information and belief, Taro USA is a corporation organized and existing under the laws of New York, having places of business at Three Skyline Drive, Hawthorne, New York, 10532 and 1 Commerce Drive, Cranbury, New Jersey 08512.

6. Upon information and belief, Taro Ltd. is a corporation organized and existing under the laws of Israel, having its principal place of business at 14 Hakitor Street, Haifa Bay, 2624761, Israel. Upon information and belief, Taro Canada and Taro USA are subsidiaries of Taro Ltd.

7. Upon information and belief, Taro seeks to sell, market, and distribute generic pharmaceutical products throughout the United States, including in this district.

2

## NATURE OF THE ACTION

8.    This is a civil action for infringement of the '256 Patent. This action arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*

9.    This action arises from Taro's filing of ANDA No. 217190 ("Taro ANDA") and its intended marketing of a generic halobetasol propionate (0.01%) and tazarotene (0.045%) lotion under the Taro ANDA ("Taro ANDA Product").

10.    Based on at least Taro's correspondence to Bausch, Bausch has reason to believe that Taro has submitted an ANDA seeking FDA approval for, and seeks to market, a drug that is bioequivalent to Duobrii®.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201–02.

12.    Upon information and belief, this Court has personal jurisdiction over Taro Canada. Upon information and belief, Taro Canada is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and/or selling pharmaceutical products, including generic drug products. Upon information and belief, Taro Canada directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for the Taro ANDA Product. Upon information and belief, Taro Canada purposefully has conducted and continues to conduct business in this judicial district. Upon information and belief, Taro Canada has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction. For example, Taro Canada has submitted to the jurisdiction of this Court, and asserts counterclaims in this jurisdiction, related to

the Taro ANDA and Taro's ANDA Product in *Bausch Health Ireland Limited, et al. v. Taro Pharmaceuticals Inc., et al.*, Civil Action No. 22-4670 (SRC) (CLW).

13.    Taro Canada has taken the costly, significant step of applying to the United States Food & Drug Administration ("FDA") for approval to engage in future activities—including the marketing of its generic drugs—that will be purposefully directed at, upon information and belief, New Jersey and elsewhere. Taro Canada's ANDA filing constitutes a formal act that reliably indicate plans to engage in marketing of the proposed generic drugs. Upon information and belief, Taro Canada intends to direct sales of its drugs into New Jersey, among other places, once it has the requested FDA approval to market them. Upon information and belief, Taro Canada will engage in marketing of its proposed ANDA products in New Jersey upon approval of its ANDA.

14.    Plaintiffs are further informed and believe, and on that basis allege, that this Court has personal jurisdiction over Taro Canada pursuant to Federal Rule of Civil Procedure 4(k)(2) because Taro Canada has extensive contacts with the United States, including but not limited to the above-described commercial contact, is not subject to jurisdiction in any particular state, and exercising jurisdiction over Taro Canada is consistent with the laws of the United States and the United States Constitution.

15.    Upon information and belief, this Court has personal jurisdiction over Taro USA. Upon information and belief, Taro USA is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and/or selling pharmaceutical products, including generic drug products. Upon information and belief, Taro USA directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for the Taro ANDA Product. Upon information and belief, Taro USA purposefully has conducted and continues to conduct business

in this judicial district. Upon information and belief, Taro USA operates and maintains a regular and established place of business at 1 Commerce Drive, Cranbury, New Jersey 08512. Upon information and belief, Taro USA has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting claims and counterclaims in other civil actions initiated in this jurisdiction. For example, Taro USA has submitted to the jurisdiction of this Court, and asserts counterclaims in this jurisdiction, related to the Taro ANDA and Taro's ANDA Product in *Bausch Health Ireland Limited, et al. v. Taro Pharmaceuticals Inc., et al.*, Civil Action No. 22-4670 (SRC) (CLW).

16. Upon information and belief, this Court has personal jurisdiction over Taro Ltd. Upon information and belief, Taro Ltd. is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and/or selling pharmaceutical products, including generic drug products. Upon information and belief, Taro Ltd. directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district through its subsidiaries, and this judicial district is a likely destination for the Taro ANDA Product. Upon information and belief, Taro Ltd. purposefully has conducted and continues to conduct business in this judicial district, at least through its wholly owned subsidiaries Taro Canada and Taro USA. Upon information and belief, Taro Ltd. has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting claims and counterclaims in other civil actions initiated in this jurisdiction. For example, Taro Ltd. has submitted to the jurisdiction of this Court, and asserts counterclaims in this jurisdiction, related to the Taro ANDA and Taro's ANDA Product in *Bausch Health Ireland Limited, et al. v. Taro Pharmaceuticals Inc., et al.*, Civil Action No. 22-4670 (SRC) (CLW).

17.    Plaintiffs are further informed and believe, and on that basis allege, that this Court has personal jurisdiction over Taro Ltd. pursuant to Federal Rule of Civil Procedure 4(k)(2) because Taro Ltd. has extensive contacts with the United States, including but not limited to the above-described commercial contact, is not subject to jurisdiction in any particular state, and exercising jurisdiction over Taro Ltd. is consistent with the laws of the United States and the United States Constitution.

18.    Upon information and belief, Taro Canada, Taro USA, and Taro Ltd. hold themselves out as a unitary entity for purposes of manufacturing, marketing, selling and distributing generic products. Upon information and belief, Taro Ltd. exercises control over Taro Canada and Taro USA.

19.    Upon information and belief, venue is proper in this district under 28 U.S.C. §§ 1391(c) and (d), and § 1400(b).

20.    Venue is proper as to Taro Canada, a foreign corporation, in any judicial district that has personal jurisdiction, including this judicial district, and because it has previously consented to venue in this jurisdiction. For example, Taro Canada has not challenged venue in this Court in a patent infringement suit related to the Taro ANDA and Taro's ANDA Product, *Bausch Health Ireland Limited et al v. Taro Pharmaceuticals Inc. et al* (D.N.J. 2:22-cv-04670-SRC-CLW).

21.    Venue is proper as to Taro USA because *inter alia*, it maintains a regular and established place of business in this judicial district, and it has previously consented to venue in this jurisdiction. For example, Taro USA has not challenged venue in this Court in a patent infringement suit related to the Taro ANDA and Taro's ANDA Product, *Bausch Health Ireland Limited, et al. v. Taro Pharmaceuticals Inc., et al.*, Civil Action No. 22-4670 (SRC) (CLW).

22. Venue is proper as to Taro Ltd., a foreign corporation, in any judicial district that has personal jurisdiction, including this judicial district, and because it has previously consented to venue in this jurisdiction. For example, Taro Ltd. has not challenged venue in this Court in a patent infringement suit related to the Taro ANDA and Taro's ANDA Product, *Bausch Health Ireland Limited, et al. v. Taro Pharmaceuticals Inc., et al.*, Civil Action No. 22-4670 (SRC) (CLW).

## THE ASSERTED PATENT

23. On May 16, 2023, the '256 Patent entitled "Topical Compositions and Methods for Treating Psoriasis" was duly and legally issued. A copy of the '256 Patent is attached as Exhibit A.

24. The named inventors of the '256 Patent are Gordon Dow, Radhakrishnan Pillai, and Varsha Bhatt.

25. Bausch Ireland is the assignee of the '256 Patent.

## ACTS GIVING RISE TO THIS ACTION

26. Bausch Americas holds the approved New Drug Application ("NDA") No. 209354 for Duobrii® (halobetasol propionate 0.01%; tazarotene 0.045%) (the "Duobrii® NDA").

27. Duobrii® is indicated for the topical treatment of plaque psoriasis in adults.

28. Pursuant to 21 U.S.C. § 355(b)(1), Bausch intends to list the '256 Patent in the Orange Book as covering Duobrii® (halobetasol propionate 0.01%; tazarotene 0.045%).

29. By a letter dated June 7, 2022, (the "Taro Notice Letter"), Taro Canada notified Plaintiffs that it submitted the Taro ANDA to the FDA seeking approval to engage in the commercial manufacture, use or sale of Taro's ANDA Product, a generic halobetasol propionate (0.01%) and tazarotene (0.045%) lotion.

30.     The Taro Notice Letter stated that Taro Canada had included a certification in the Taro ANDA, pursuant to 21 U.S.C § 355(j)(2)(A)(vii)(IV), that the listed patents in the Orange Book asserting that they are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the Taro ANDA Product.

31.     On the basis of Taro's Notice Letter, Plaintiffs filed suit against Taro in this judicial district for infringement of the then-listed patents in the Orange Book. *See Bausch Health Ireland Limited, et al. v. Taro Pharmaceuticals Inc., et al.*, Civil Action No. 22-4670 (SRC) (CLW). This litigation is ongoing.

32.     Based on at least the information in Taro's Notice Letter, including at least Taro's listing Duobrii® as a reference list drug, Taro's expressed desire to market a product bioequivalent to Duobrii®, its tentative approval for a halobetasol propionate 0.01%; tazarotene 0.045% product, and on information and belief, the Taro ANDA seeks approval for a Taro ANDA Product substantially similar to Duobrii®, which is covered by at least one claim of the '256 Patent.

## CLAIMS FOR RELIEF

### COUNT I (Infringement of the '256 Patent)

33.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

34.     Upon information and belief, Taro has infringed at least one claim of the '256 Patent, pursuant to 35 U.S.C. § 271(e)(2), by submitting the Taro ANDA, by which Taro seeks approval from the FDA to engage in the commercial manufacture, use, offer to sell, sale within the United States, or importation into the United States of the Taro ANDA Product prior to the expiration of the '256 Patent.

35.     Upon information and belief, the Taro ANDA Product will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '256 Patent.

36.     Upon information and belief, Taro will, through the manufacture, use, import, offer for sale, and/or sale of the Taro ANDA Product, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '256 Patent.

37.     If Taro's marketing and sale of the Taro ANDA Product prior to the expiration of the '256 Patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

### COUNT II (Declaratory Judgment of Infringement of the '256 Patent)

38.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

39.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

40.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

41.     Taro has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import the Taro ANDA Product before the expiration date of the '256 Patent, including Taro's filing of ANDA No. 217190.

42.     Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of the Taro ANDA Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '256 Patent.

43. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of the Taro ANDA Product will constitute infringement of at least one claim of the '256 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor against Taro on the patent infringement claims set forth above and respectfully request that this Court:

1. enter judgment that, under 35 U.S.C. § 271(e)(2), Taro has infringed at least one claim of the '256 Patent by submitting or causing to be submitted ANDA No. 217190 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of the Taro ANDA Product before the expiration of the '256 Patent;

2. order that that the effective date of any approval by the FDA of the Taro ANDA Product be a date that is not earlier than the expiration of the Asserted Patent, or such later date as the Court may determine;

3. enjoin Taro from the commercial manufacture, use, import, offer for sale, and/or sale of the Taro ANDA Product until expiration of the '256 Patent, or such later date as the Court may determine;

4. enjoin Taro and all persons acting in concert with Taro from seeking, obtaining, or maintaining approval of the Taro ANDA until expiration of the '256 Patent;

5. declare that Taro's submission of the Taro ANDA infringes at least one claim of the '256 Patent;

6. declare that the commercial manufacture, use, import, offer for sale, and/or sale of the Taro ANDA Product infringes at least one claim of the '256 Patent;

10

7.  declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs costs, expenses, and disbursements in this action, including reasonable attorney's fees;

8.  award damages or other monetary relief to the extent there has been commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of Taro's ANDA Product, under 35 U.S.C. § 271(e)(4)(C); and

9.  award Plaintiffs such further and additional relief as this Court deems just and proper.

Dated:  May 17, 2023
          Newark, New Jersey

s/ William P. Deni, Jr.
William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel:  (973) 596-4500
Fax:  (973) 596-0545
wdeni@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*
*Bausch Health Ireland Limited,*
*Bausch Health US, LLC, and*
*Bausch Health Americas, Inc.*

OF COUNSEL:

Thomas P. Steindler (*pro hac vice* to be submitted)
April E. Weisbruch (*pro hac vice* to be submitted)
Christopher M. Bruno (*pro hac vice* to be submitted)
Lillian J. Spetrino (*pro hac vice* to be submitted)
**MCDERMOTT WILL & EMERY LLP**
500 North Capitol Street N.W.
Washington, D.C. 20001
Tel:  (202) 756-8000
Fax:  (202) 756-8087

Nitya Anand (*pro hac vice* to be submitted)
**MCDERMOTT WILL & EMERY LLP**
One Vanderbilt Avenue
New York, NY 10017
Tel:  (212) 547-5400
Fax:  (212) 547-5444

12

## CERTIFICATION OF NON-ARBITRABILITY
## PURSUANT TO LOCAL CIVIL RULE 201.1(d)

Pursuant to Local Civil Rule 201.1(d), the undersigned counsel hereby certifies that this

action seeks declaratory and injunctive relief and, therefore, is not subject to mandatory arbitration.

I certify under penalty of perjury that the foregoing is true and correct.


Dated:  May 17, 2023
        Newark, New Jersey

s/ William P. Deni, Jr.
William P. Deni, Jr.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel:  (973) 596-4500
Fax:  (973) 596-0545
wdeni@gibbonslaw.com

*Attorneys for Plaintiffs*
*Bausch Health Ireland Limited,*
*Bausch Health US, LLC, and*
*Bausch Health Americas, Inc.*

13